UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| MONTY JONES, | Case No. 14-CV-2076 (JNE/FLN) |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| YWCA, | |
| Defendant. | |

---

Plaintiff Monty Jones alleges that defendant YWCA failed to hire him because of his race. Jones did not pay the filing fee for this action, but instead filed an application to proceed *in forma pauperis* ("IFP"). ECF No. 2. In an order dated June 25, 2014, this Court declined to grant Jones's IFP application; Jones had failed to plead a cognizable Title VII employment-discrimination claim, as he had not alleged in the complaint or otherwise demonstrated that he had received a right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC"). This Court also noted that, if Jones had in fact exhausted his administrative remedies despite the deficiency of his complaint in pleading such exhaustion, "he must file an <u>entirely new pleading</u> entitled 'Amended Complaint'" and that "[a] copy of Plaintiff's 'right to sue' letter should be attached to the amended complaint." ECF No. 3 at 2-3. Jones was further warned that, if he failed to file an amended complaint by July 31, 2014, this Court would recommend that the lawsuit be summarily dismissed without prejudice.

Jones has not filed an amended complaint. Instead, Jones has filed a letter from the Minneapolis Department of Civil Rights ("MDCR") which, he believes, shows that he has now

exhausted his administrative remedies. Jones therefore asks that his IFP application be granted and that he be allowed to proceed in this litigation.

This matter is again before the undersigned United States Magistrate Judge on Jones's pending IFP application. ECF No. 2. As before, this Court finds that Jones cannot be granted IFP status because his complaint is defective, because he has not demonstrated that he has exhausted his administrative remedies, and because he has not shown that he has received a right-to-sue letter from the EEOC. Moreover, Jones has failed to file an amended complaint as previously ordered by this Court. For those reasons, this Court recommends that this case be summarily dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

To state an actionable Title VII claim, a plaintiff must affirmatively allege that he or she has exhausted all available administrative remedies before seeking relief in court. As explained by the Eighth Circuit,

> [e]xhaustion of administrative remedies is central to Title VII's statutory scheme because it provides the EEOC the first opportunity to investigate discriminatory practices and enables it to perform its roles of obtaining voluntary compliance and promoting conciliatory efforts. To exhaust administrative remedies an individual must: (1) timely file a charge of discrimination with the EEOC setting forth the facts and nature of the charge and (2) receive notice of the right to sue.

*Williams v. Little Rock Mun. Water Works*, 21 F.3d 218, 222 (8th Cir. 1994) (citations omitted). In other words, "[t]he proper exhaustion of administrative remedies gives the plaintiff a green light to bring [an] employment-discrimination claim . . . ." *Shannon v. Ford Motor Co.*, 72 F.3d 678, 684 (8th Cir. 1996).

As noted in this Court's previous order, the operative complaint seems to indicate that, at the time Jones began this litigation, the administrative review process has not yet been

completed and Jones not yet received a "right to sue" letter from any administrative agency. In an attempt to cure that deficiency, Jones has filed a letter from the MDCR which he interprets as a right-to-sue letter. *See* ECF No. 5 at 2. But this letter is not a right-to-sue letter, and it does not show that Jones has exhausted his administrative remedies. To the contrary, the letter filed by Jones appears to indicate that he withdrew his complaint of race discrimination from before the MDCR. Accordingly, the MDCR "conclude[d] that a Dismissal based on Withdrawal of Complaint is appropriate." *Id*. (emphasis omitted). Rather than fully exhausting the administrative remedies available to him, it seems that Jones has terminated the administrative process in the hopes of expediting the availability of judicial remedies.

In any event, as previously explained by this Court, Jones must "obtain a 'right to sue' letter from the *Equal Employment Opportunity Commission*" in order to pursue his federal discrimination claims. *Id*. (emphasis added); *accord Maki v. Allete, Inc.*, 383 F.3d 740, 741 n.1 (8th Cir. 2004). The letter filed by Jones is not a "right to sue" letter at all, but even if it were, that letter is from the MDCR, not the EEOC, and is therefore irrelevant to Jones's Title VII claim.[1] *Cf. Shannon*, 72 F.3d at 682 ("To exhaust her remedies, a Title VII plaintiff must timely file her charges with the EEOC and receive, from the EEOC, a 'right to sue' letter."). Moreover, although it appears that Jones has filed a complaint with the EEOC (as he did with the MDCR),

---

[1]Jones has not explicitly pleaded a state-law claim of discrimination, such as a claim pursuant to the Minnesota Human Rights Act ("MHRA"), Minn. Stat. § 363A.01 et seq. Even if Jones's complaint were construed as raising such a claim, this Court would have jurisdiction over that claim only if it exercised supplemental jurisdiction, as both parties to this litigation are citizens of Minnesota. *See* Compl. at 1-2. Because this Court recommends that Jones's federal claim be dismissed, it also recommends that supplemental jurisdiction not be exercised over any putative state-law claims and that those claims be dismissed without prejudice for lack of jurisdiction. *See Hervey v. Cnty. of Koochiching*, 527 F.3d 711, 726-27 (8th Cir. 2008).

there is no evidence in the record as to the status of the investigation undertaken by the EEOC. It may be that Jones has also withdrawn his complaint before the EEOC, or that the EEOC investigation is still ongoing, or any number of other possibilities. Simply put, it is impossible for this Court to tell whether Jones has yet exhausted his remedies before the EEOC as required by Title VII.

Finally, Jones is in violation of this Court's June 25 order. Jones was required not only to demonstrate that he had exhausted his administrative remedies, but also to file "an <u>entirely new pleading</u>" entitled "Amended Complaint" adequately alleging exhaustion. ECF No. 4 at 2. Jones was given until July 31 to file this amended complaint. More than a month has passed since that deadline, and Jones still has not filed an amended complaint. Jones's failure to adequately prosecute this litigation and comply with the orders of this Court is reason alone to recommend dismissal of his action. *See* Fed. R. Civ. P. 41(b).

For those reasons, this Court recommends that Jones's complaint be dismissed without prejudice.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1. Plaintiff Monty Jones's application to proceed *in forma pauperis* [ECF No. 2] be DENIED.

2. The complaint be SUMMARILY DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Dated: September 4, 2014     *s/Franklin L. Noel*
                             Franklin L. Noel
                             United States Magistrate Judge

NOTICE

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **September 19, 2014**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within fourteen days after service thereof. All briefs filed under this rule shall be limited to 3500 words. A district judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Eighth Circuit Court of Appeals.